IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UDEME EDOHO-EKET ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:18-cv-1327 |
| ) | Judge Campbell/Frensley |
| RH, RESTORATION HARDWARE INC., ) | |
| LINCOLN PROPERTY MANAGEMENT,) | |
| CHELSEA THAYER ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are motions to dismiss filed by two defendants in this matter. Defendant RH, Restoration Hardware, Inc. ("Restoration Hardware") has filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Docket No. 6. Restoration Hardware has filed a supporting memorandum of law. Docket No. 7. Also pending before the Court is Defendant, Lincoln Property Management's Motion to Dismiss for failure to state a claim upon which relief can be granted. Docket No. 9. Lincoln Property Management has filed a supporting memorandum of law. Docket No. 10. The pro se Plaintiff has not responded to either of the pending motions. For the reasons stated herein, the undersigned recommends that the motions to dismiss filed by Restoration Hardware (Docket No. 6) and Lincoln Property Management (Docket No. 9) be GRANTED.

## BACKGROUND

On August 15, 2018, the pro se Plaintiff filed the instant action in the Circuit Court for Davidson County. Docket No. 1-1. Lincoln Property Management removed the matter to this Court on November 28, 2018. Docket No. 1. The matter was referred to the undersigned for all pretrial matters on December 10, 2018. Docket No. 5. Restoration Hardware and Lincoln Property

Management both responded to the Complaint by filing motions to dismiss. Docket Nos. 6. 9.

**Restoration Hardware**[1]

With respect to Restoration Hardware, Plaintiff's complaint alleges the following:

On June 11, 2018, Plaintiff began employment at RH, also known as Restoration Hardware Inc., though was wrongfully terminated on July 19th 2018. During the duration of employment, Plaintiff endured the following violations of the law:

    a.    Harassment.
    b.    Sexual harassment
    c.    Hostile working environments.
    d.    Retaliation for reporting the aforementioned incidents to leadership.

Docket No. 1-1.

Though not specific to Restoration Hardware, Plaintiff's Complaint further indicates:

6.    The grounds for filing this case in Circuit Court are as follows:

    a.    Defendants violated the Title VII of the Civil Rights Act of 1964, Equal Employment Law.

    b.    Defendants violated Title VIII of the Civil Rights Act of 1968, Fair Housing Act.

    c.    Plaintiff is protected in the class of race, sex and familial status.

*Id.*

Plaintiff contends she "has endured gross abuse, traumatic instances of pervasive, direct targeting and hunting that has tormented, degraded, abused, and emotionally and physically violated Plaintiff personally." *Id.* She seeks damages totaling 2.1 billion. *Id.*

**Lincoln Property Management**

With respect to Lincoln Property Management, Plaintiff's Complaint alleges as follows:

Plaintiff was threatened to vacate repeatedly and subsequently evicted from Lincoln Property Management properties, including The Flats at Taylor Place, Aspire

---

[1] Plaintiff also names Chelsea L. Thayer as a Defendant in this action. Docket No. 1-1. While Defendant Lincoln Property Management has filed an Amended Certificate of Service indicating that the Notice of Removal was served on Ms. Thayer it is not clear whether Plaintiff has affected service of process as to Ms. Thayer. Docket No. 4. In any event, any claims asserted in the Complaint against Ms. Thayer appear to be wholly unrelated to Lincoln Property or Restoration Hardware. Docket No. 1-1

2

Case 3:18-cv-01327   Document 11   Filed 01/16/19   Page 2 of 9 PageID #: 59

> Midtown, Cadence, and Element Music Row, during July 2016-January 2018 for reasons Plaintiff believes to be related to trafficking, harassment, extortion and slavery.

*Id.*

Plaintiff asserts the same grounds for filing the action in Circuit court and damages noted above. *Id.*

## ANALYSIS

Both Restoration Hardware and Lincoln Property Management have moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted.

### A. Legal Standard

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the

3

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Fed. R. Civ. P.. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

4

In order to survive a motion to dismiss, a Complaint must state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950 (citations omitted). Thus, where a complaint states no more than conclusions, such "are not entitled to the assumption of truth." While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

**B.     The Case at Bar.**

**1.     Restoration Hardware**

The entire substance of Plaintiff's claims against Restoration Hardware are set forth above. Plaintiff contends she was employed at Restoration Hardware on June 11, 2018 and "was wrongfully terminated on July 19, 2018." Docket No. 1-1, ¶2. She asserts claims against Restoration Hardware for "harassment," "sexual harassment," "hostile working environments," and "retaliation." *Id.* Restoration Hardware argues that the Plaintiff has not alleged a plausible claim of harassment or retaliation insofar as the Complaint does not contain sufficient factual allegations to establish the elements or otherwise provide grounds for these claims. Docket No. 7, pp. 4-5. They contend that by not providing any suggestion of the factual grounds for her claims the pleadings fail to state a claim upon which relief can be granted and that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).

Title VII prohibits discrimination in employment based on an "individual's race, color, religion, sex or national origin." 42 U. S. C. § 2000e-2(a)(1). Harassment based on sex that creates hostile work environment is prohibited by Title VII. *See Meritor Savings Bank FSB v. Vinson*, 477 U. S. 57, 65, 106 S. Ct 2399, 2404 (1986). A hostile environment exist "[w]here the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Harris v. Forklift Systems Inc.*, 510 U. C. 17, 21, 114 S. Ct. 367, 370 (1993)(internal

5

quotation marks and citation omitted).

To state a claim for a hostile working environment under Title VII, a Plaintiff must allege that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment created a hostile work environment; and (5) the employer is liable. *Randolph v. Ohio Department of Youth Services,* 453 F. 3d 724, 733 (6th Cir. 2006).

To establish a case of retaliation, a Plaintiff must show that: (1) she engaged in protected activities; (2) the employer was aware of plaintiff's protected activity; (3) she suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse employment action. *Singfield v. Akron Metro Housing Authority*, 389 F. 3d 555, 562-563 (6th Cir. 2004).

Plaintiff's Complaint is precisely the type of pleading for which dismissal is required under Rule 12(b)(6). While the pleading requirement is not intended to be onerous, it is intended to assure a Plaintiff can state a plausible claim for relief based on alleged facts rather than conclusory statements of law. In this case, the only facts plead with any degree of specificity are the beginning and ending dates of Plaintiff's employment with Restoration Hardware. Plaintiff's allegations that she endured harassment, sexual harassment, hostile working environments and retaliation are insufficient in and of themselves to state a claim upon which relief may be granted. Likewise, the assertion that "Defendants violated the Title VII of the Civil Rights of 1964, equal employment law" is equally insufficient. Plaintiff has wholly failed to identify any factual basis to support the conclusory allegations in the Complaint. Because Plaintiff's Complaint is devoid of facts which would allow the Court to draw any inference that the Defendant discriminated against the Plaintiff based on the claims asserted in the Complaint there are no set of facts for which a reasonable

person could infer how gender or retaliation factored into Plaintiff's alleged wrongful termination. The rules and case law require more than Plaintiff's statements that she is suing Restoration Hardware for harassment and retaliation. Because Plaintiff has failed to provide any factual basis for her claims, the undersigned recommends pursuant to Fed. R. Civ. P. 12(b)(6) and the case law interpreting it that Restoration Hardware's Motion to Dismiss be **GRANTED**.

### 2. Lincoln Property Management

The total sum of Plaintiff's claims against Lincoln Property Management are set forth fully above. Plaintiff contends she was threatened to vacate repeatedly and subsequently evicted from several Lincoln Property Management properties for reasons she believes "to be related to trafficking, harassment, extortion and slavery." Docket No. 1-1. She contends "Defendants violated Title VIII of the Civil Right of 1968, the Fair Housing Act." *Id.* She alleges no further factual basis for her allegations against Lincoln Property Management.

Though unrelated to her employment claims against Restoration Hardware, Lincoln Property Management advances a similar argument that the claims against it must be dismissed under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim for which relief can be granted. Docket No. 9. Lincoln Property Management acknowledges that while the allegations in the Complaint suggest "it is possible that Plaintiff intends to bring claims against Defendant for discrimination and/or interference under the Fair Housing Acting, 42 U. S. C. § 3601, *et seq*.," she must nonetheless "plead factual allegations supporting a claim of discriminatory animus," rather than "vague and conclusory allegations" or "legal conclusions masquerading as factual allegations." Docket No. 10, p. 6. (citations omitted). Lincoln Property Management asserts that because Plaintiff's complaint fails to plausibly show that she was subjected to discrimination and/or intimidation under Fair Housing Act ("FHA") her pleading fails to state a claim upon which

7

relief can be granted and dismissal is appropriate.

In a broad sense, the FHA prohibits discrimination in the sale or rental of housing and in the provision housing services or facilities because of "race, color, religion, sex, familial status or national origin." 42 U. S. C. § 3604(a), (b). Like Title VII, the FHA prohibits intentional discrimination and much of the FHA jurisprudence is drawn from cases interpreting Title VII because both statutes are designed to end discrimination. *See Graoch Associates #33, LP v. Louisville, Jefferson County, Metro Human Relations Commission*, 508 F. 3d 366, 371 (6th Cir. 2007). To state a claim under the FHA, a plaintiff must prove intentional acts by defendant done with a discriminatory purpose. *International Brotherhood of Teamsters v. United States*, 431 U. S. 324, 335, n. 15, 97 S. Ct. 1843, 52 L. Ed 2d 396 (1977). While a plaintiff is not required to allege every element of the prima facie case, she must allege "a short and plain statement of the claim," consistent with Fed. R. Civ. P. 8(a), provided that it "gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lindsay v. Yates*, 498 F. 3d 434, 439 (6th Cir. 2007)(citations omitted).

In this case, the Plaintiff has failed to satisfy the threshold requirements for pleading a claim under the FHA. As with her claims against Restoration Hardware, Plaintiff has failed to describe in any detail the factual predicates supporting her claim of discrimination in housing. At best, she alleges that this Defendant violated the Fair Housing Act. Because Plaintiff has alleged no facts that could give rise to the inference that the Defendant discriminated against Plaintiff under the Fair Housing Act, the undersigned recommends Defendant Lincoln Property Management's Motion to Dismiss for failure to state a claim under Rule 12, Fed. R. Civ. P. 12 (b)(6) be **GRANTED**.

8

Case 3:18-cv-01327   Document 11   Filed 01/16/19   Page 8 of 9 PageID #: 65

## **CONCLUSION**

Affording due deference to Plaintiff's status as pro se litigant in this matter the undersigned concludes that the Complaint fails to allege any factual basis that would support the claims for employment discrimination and housing discrimination asserted in Plaintiff's complaint. Because Plaintiff has failed to allege in any plausible manner any fact or set of facts which support the conclusory allegations of discrimination, retaliation or interference, the undersigned recommends that the Motion to Dismiss filed by Restoration Hardware regarding the allegations of employment discrimination (Docket No. 6) and the Motion to Dismiss filed by Lincoln Property Management regarding Plaintiff's claims for violation of the Fair Housing Act (Docket No. 9) be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff's Complaint fails to state a claim upon which relief can be granted as to each of these Defendants.

Under Rule 72(b) of the Fed. R. Civ. P., any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**